NO. 07-04-0038-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 16, 2004

_____

LEON "BUBBA" SMITH,

Appellant

v.

THE STATE OF TEXAS ex rel. SONYA LETSON,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 91-322-E; HON. JACK D. YOUNG, PRESIDING

_____

*Memorandum Opinion on Motion to Dismiss*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Pending before the court is the motion of the State of Texas to dismiss this appeal for want of jurisdiction. We overrule the motion.

Leon "Bubba" Smith appealed, under §51.014(a)(8) of the Texas Civil Practice and Remedies Code, contending that the trial court erred in overruling his plea to the jurisdiction of the court. According to the record before us, the State initiated suit against

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2004).

Smith to remove him from his office of Potter County Constable, Precinct Four. Smith then filed a plea to the jurisdiction of the trial court asking the trial court to dismiss the suit under the doctrine of sovereign immunity. The trial court denied the plea, and Smith perfected an interlocutory appeal from the order. The State now urges us to dismiss the appeal because the order denying the plea was not final, and Smith cannot invoke §51.014(a)(8) as a means of vesting us with jurisdiction to resolve the interlocutory dispute.

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows one to appeal an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001" of the same code. TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(8) (Vernon Supp. 2004). The State believes that Smith cannot invoke that provision because his plea was not one "by a governmental unit." Furthermore, it was not one by a governmental unit allegedly because the suit to remove him from office was not one against him in his official capacity. This very argument was asserted by the State and rejected by this court in *Crawford v. State*, No. 07-02-0471-CV (Tex. App.–Amarillo 2002, no pet.) (not designated for publication). There, we concluded that an attempt to remove a constable from office was a suit not only against the constable in his official capacity but also the county. *Id.* The State neither addresses *Crawford* in its motion or attempts to persuade us that the holding was wrong. To avoid inconsistency, we adopt the reasoning and result in *Crawford* and apply it to the case now before us. TEX. R. APP. P. 47.7 (permitting citation to a prior opinion not designated for publication).

Accordingly, the motion to dismiss is overruled.


Per Curiam

2